# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:14-CR-98 (1) |
| | § | |
| MARTIN CORONA-LEON | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed December 10, 2015, alleging that the Defendant, Martin Corona-Leon, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Corona-Leon was sentenced on April 21, 2015, before The Honorable U.S. District Judge Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Illegal Reentry by a Removed Alien, a Class E felony. This offense carried a statutory maximum imprisonment term of 2 years. The guideline imprisonment range, based on a total offense level of 6 and a criminal history category of III, was 2 to 8 months. Corona-Leon was subsequently sentenced to 8 months of imprisonment, subject to the standard conditions of release, plus special conditions to include surrendering for deportation proceedings when released and not illegally reentering the U.S.; financial disclosure; and drug testing and treatment.

## II. The Period of Supervision

On June 1, 2015, Corona-Leon completed his period of imprisonment and began service of the supervision term. As required he surrendered for deportation proceedings at that time and was subsequently deported.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on December 10, 2015. The petition alleges that Corona-Leon violated the conditions of his supervised release by being arrested by the U.S. Border Patrol for entering or attempting to enter illegally into the United States by wading the Rio Grande River near Laredo, Texas, thus avoiding immigration inspection, nor having proper documents to enter, travel through, or remain in the United States. This illegal entry or attempted entry took place on November 29, 2015. Corona-Leon has been charged via criminal complaint with Illegal Entry, in the Southern District of Texas, Case No. L-15-PO13981.

## IV. Proceedings

On February 9, 2016, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the second allegation that he failed to follow the special condition of release that requires that immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the

Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, the defendant shall remain outside the United States. In the event the defendant is not deported, or for any reason re-enters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or re-entry into the country.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of nine (9) months' imprisonment, with no term of supervised release to follow.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offen e of conviction was a Class E felony; therefore, the maximum imprisonment sentence is 1 year.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that Corona-Leon violated conditions of supervision by violating the special supervision condition

prohibiting illegally reentering the U.S. once deported, Martin Corona-Leon will be guilty of committing a Grade C violation.

U.S.S.G. §7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's second allegation that he violated a special condition supervised release that requires that "[i]mmediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, the defendant shall remain outside the United States. In the event the defendant is not deported, or for any reason re-enters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or re-entry into the country."

Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a special condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. §§ 3583(e). The Defendant's violation is a Grade C violation, and his criminal history category is III. The guideline imprisonment range is 5 to 11 months. The Defendant did not comply with the conditions of his supervision and has demonstrated an unwillingness to adhere to conditions of supervision. Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of nine (9) months' imprisonment, with no term of supervised release to follow.

## VII. Recommendations

The court should find that the Defendant failed to comply with the special condition of supervised release that he remain outside the United States after being deported, or, if he re-enters the country after having been deported, shall comply with all conditions of supervised release, including reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or re-entry into the country. Corona-Leon agreed to plead true to the second allegation, which alleges that he violated this special condition by being arrested by the U.S. Border Patrol for entering or attempting to enter illegally into the United States by wading the Rio Grande River near Laredo, Texas, on November 29, 2015.

Accordingly, the petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of nine (9) months' imprisonment, with no term of supervised release to follow. Corona-Leon is subject to the same standard, mandatory and special conditions of supervised release that were previously ordered.

In addition, it is recommended that the Defendant complete his term of imprisonment at the Federal Correctional Institution in Beaumont, Texas, if possible.

## VIII.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must:  (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length.  See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c).  A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of February, 2016.

_____
Zack Hawthorn
United States Magistrate Judge